UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 11-30021-RGS

UNITED STATES OF AMERICA

v.

ROBERTO CARRUCINI, JR.

MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

January 14, 2015

STEARNS, J.

Petitioner Roberto Carrucini filed this *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Carrucini alleges that he was denied his Sixth Amendment right to effective assistance of counsel during the sentencing phase of his case. For the reasons to be stated, his petition will be denied.

BACKGROUND

Carrucini pled guilty on July 24, 2012, to a one-count indictment charging him with being a previously convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922 (g)(1). On November 28, 2012, this court sentenced Carrucini to the 180-month minimum term mandated by the Armed Career Criminal Act (ACCA), 18

1

U.S.C. § 924(e). The First Circuit affirmed Carrucini's conviction and sentence on February 3, 2014. First Cir. No. 12-2465, Op. entered Feb. 3, 2014 (unpublished).

In the most generous possible reading of Carrucini's *pro se* petition, he makes the argument that his trial counsel, Jeanne Liddy, Esq., provided ineffective assistance at five critical junctures during his sentencing. He maintains that Liddy failed: (1) to secure a downward departure from a criminal history category that substantially overstated the seriousness of his prior crimes, as provided by U.S.S.G. § 4A1.3(b)(1); (2) to provide him with a copy of his Presentence Report (PSR), as implicitly provided by Fed. R. Crim. P. 32(e)(2); (3) to persuade the court to credit him with time served awaiting disposition of his case; (4) to obtain a subtraction of a prior state court conviction from the sum of his ACCA predicate convictions; and (5) to challenge the dearth of *Shepard*-approved documentation establishing that his prior convictions in fact met the ACCA predicate requirements.[1]

## DISCUSSION

---

[1] In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court held that a trial court could not consider police reports and complaint applications in determining whether "generic" state crimes like burglary qualified as a violent crime for ACCA predicate purposes, but should look instead to reliable judicial records, such as charging documents, jury instructions, plea agreements, and plea colloquies.

Section 2255 is not a substitute for direct appeal, but rather provides for post-conviction relief in four limited instances: "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense." The right to counsel includes the right to effective counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Effective counsel does not mean perfect counsel. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." *Id.* at 689. The court "must indulge a

3

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

Overstatement of Previous Convictions

Carrucini contends that Attorney Liddy failed to effectively argue that the seriousness of his previous convictions was overstated, and that this should entitle him to relief. However, Liddy did make this argument at sentencing, as Carrucini admits in his brief ("[Liddy said] in court that there are cases over[]stated."). Pet. at 5.[2] The argument, however well made, was doomed from the outset (except to the extent it may have persuaded the court to hew to the bottom-end permissible sentence), as U.S.S.G. § 4A1.3(b)(2)(B) specifically prohibits the court from downwardly departing on this ground when sentencing under the ACCA.

Provision of the Pre-Sentencing Report

Carrucini also argues that Liddy failed to provide him with a copy of his PSR prior to sentencing. However, this argument was rejected by the

---

[2] More specifically, Liddy told the court that: "[H]is record and his prior convictions are grossly overstated." Tr. 11/28/12 at 11.

4

First Circuit on direct appeal, and is inappropriately raised by way of this petition.[3]

Credit for Time Served

Carrucini alleges that Liddy failed to obtain a court order recommending that he receive credit for time served awaiting sentencing. The allegation is belied by the record. It shows that Liddy did make the request, and the court granted it. *See* Judgment at 2, Dkt #42.[4]

The Number of ACCA Predicate Convictions

Carrucini alleges that one of the offenses counted as an ACCA predicate (possession of a controlled substance with intent to distribute), should have been classified as a non-countable minor offense (simple drug possession). As noted previously, this argument was addressed by the First Circuit. *See supra* note 3. The Court of Appeals found that, with four

---

[3] *See Singleton v. United States,* 26 F.3d 233, 240 (1st Cir. 1994) ("[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." (quoting *Dirring v. United States,* 370 F.2d 862, 864 (1st Cir.1967)).

[4] An alternate reading of Carrucini's argument is that, in computing his projected release date, the Bureau of Prisons (BOP) erred in calculating this court's sentence. If so, then Carrucini must exhaust the administrative remedies outlined in 28 C.F.R. §§ 542.10-542.16, before seeking judicial review. *See United States v. Wilson,* 503 U.S. 329, 335 (1992) (prisoners must exhaust administrative remedies before seeking judicial review of sentence computation); *Rogers v. United States,* 180 F.3d 349, 357-358 (1st Cir. 1999) ("[I]t is well-established that a request for credit for prior custody . . . must be made, in the first instance, to the Attorney General through the Bureau of Prisons.").

ACCA predicate offenses on the record, even a timely and successful challenge to one of them would not have impacted this court's statutory mandate to impose the 15-year minimum sentence.

*Shepard*-Sanctioned Documents

Finally, Carrucini complains that Liddy ignored the import of *Shepard* which, he alleges, requires the sentencing court to *sua sponte* review *Shepard*-approved judicial documents in order to assure the proper countability of the alleged ACCA predicates. None of the four predicate convictions in Carrucini's record could fairly be classified as ambiguous in any sense intended by *Shepard*. *See Shepard*, 544 U.S. at 17.

### ORDER

For the foregoing reasons, Carrucini's 28 U.S.C § 2255 motion to vacate, set-aside or correct his sentence is <u>DENIED</u>. The Clerk will enter a dismissal with prejudice and close the case. Carrucini is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal.

SO ORDERED.

/s/Richard G. Stearns

<u>UNITED STATES DISTRICT JUDGE</u>